[Filed January 19, 1888.]

# MARTHA JENNINGS, APPELLANT, *v.* JOHN W. MELDRUM, RESPONDENT.

PLEADING — EVIDENCE. — In an action to recover damages for a trespass alleged to have been committed on the south half of a certain land claim, evidence of the wrong must be confined to the particular tract of land described in the complaint.

EVIDENCE — TITLE BY ADVERSE POSSESSION. — In such case, it is not competent to prove title to another parcel of land outside of the lines of the particular donation claim, by proving an adverse possession for more than ten years next before the commencement of the suit.

EVIDENCE — PLEADING. — Where the plaintiff by her pleading limited her claim to the south half of the donation land claim of herself and husband, it is not competent to prove a trespass committed on the Rinearson donation claim, though the plaintiff may have acquired a title to the particular place where the trespass was committed by adverse possession.

APPEAL from Clackamas County.     Affirmed.

*A. L. Frazier,* for Appellant.

*Johnson, McCowan & Idleman,* for Respondent.

STRAHAN, J. — This is an action to recover damages for an alleged trespass committed on 293.06 acres of land in Clackamas County, being the donation land claim of Berryman Jennings and Martha Jennings, his wife; the south half of said donation land claim having been duly set apart by the proper authorities of the United States to this plaintiff, said dividing line bearing north 65 degrees east; the north half being allotted to Berryman Jennings, and the south half to the plaintiff. The answer denied the allegations of the complaint, and then pleaded title to the *locus in quo* in the wife of the defendant Georgia P. Meldrum, and that the same was a part of the donation land claim of Peter M. Rinearson and wife, which adjoins the donation land claim of Jennings and wife on the south. The reply denied that said premises were a part of the Rinearson donation land claim, and repeated that it was a part of the Jennings donation land claim, and then alleged that the plaintiff had "been in the actual, adverse, and exclusive possession of the *farm* from the year 1851 until the time she was dispossessed by the defendant, as set forth in the complaint."

Upon the trial the defendant had a judgment in his favor, from which the plaintiff has appealed, and assigned various errors; but these errors all relate to the rulings of the court in excluding evidence designed to prove an adverse possession for more than ten years, and the refusal of the court to give to the jury the instructions asked by the plaintiff on that subject. The plaintiff to sustain the issues on her part read to the jury without objections her patent to the donation land claim of B. Jennings and wife, and then gave evidence tending to prove that the exterior lines described in the patent included the *locus in quo.* The defendant, on his part, introduced evidence tending to prove that the alleged trespass was committed at a place within the exterior lines of the Rinearson donation land claim. The plaintiff's counsel asked Colonel Jennings a question as to the adverse possession of the *locus in quo* by the plaintiff, and also asked the court to instruct the jury on the same subject, all of which were refused by the court, to which exceptions were duly taken. These exceptions cannot be sustained, for the reason that the plaintiff has, by her pleadings, limited her claim to the south half of the donation land claim of herself and husband, and even though the plaintiff might be able to prove title to a portion of the Rinearson donation claim acquired by adverse possession, she had precluded herself from doing so by her pleadings.

By her complaint, the inquiry is expressly limited to the south half of the donation claim of herself and husband, thus making the contention practically one of boundary. If the plaintiff had described the *locus in quo* in her complaint, and averred title in herself, and the wrong committed by the defendant, there is no doubt her title might have been established by showing an adverse possession for ten years or more. But it was not competent to prove title to land not described in the complaint by showing an adverse possession for the time required by the statute, or otherwise. Such evidence was not relevant to the issue. If the *locus in quo* was within the exterior lines of the Jennings donation claim, the plaintiff proved a perfect title thereto by the production of her patent; if without

those lines, the evidence was irrelevant, so that, in any event, the court did not err in excluding it.

The instructions asked were properly refused for the same reasons. There was therefore no error committed by the court below in the trial of this cause, and its judgment must be affirmed.